*608 OPINION.
GReen:
We are convinced that the petitioner’s sale to Sachs was not an advantageous one, but we are equally convinced that he derived a gain thereon and that that gain was properly included in gross income. The payment was deposited in the petitioner’s bank account and the proceeds thereof lay for thirty days unincumbered by either attachment or garnishment. The plaintiffs in that suit may establish a trust — and as to this we express no opinion — or they may establish a liability on the part of the petitioner herein which will be satisfied by an execution levied upon, the funds garnisheed. This disposes of the first allegation of error.
In regard to the second allegation of error, it appears that the petitioner, shortly before Christmas of 1922, made a trip to St. Louis and there arranged for the payment to the bank of the cash surrender value of the 71½ contracts belonging to him and held by it as collateral. The evidence is that the bank did surrender the contracts *609 and receive their value, but whether in 1922 or 1923 we can not ascertain, and therefore affirm.the Commissioner. Likewise, the cost of the contracts and the amount received on their surrender is not in evidence.
The White Banking System, another cooperative loan organization, had interested the petitioner to the extent of investing $5,707.30 therein and becoming a trustee thereof. White officed with the petitioners. A disagreement arose, friendship ceased, and White moved his office elsewhere. The petitioners were dissatisfied with White’s management of the business, of which one of them was a trustee. Some time in 1923 White gave the petitioner a note for $4,850. The proof of loss is lacking and we must affirm the Commissioner.
The proof, if any, in support of the remaining allegations of error, is wholly inadequate and makes their further consideration unnecessary.

Judgment will be entered for the Commissioner.

KoeneR, Littleton, and Milliken not participating.